# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaTONIA JONES,<br><br>             Petitioner,<br><br>       v.<br><br>FRESNO COUNTY JAIL,<br><br>             Respondent. | Case No. 1:15-cv-01010-BAM HC<br><br>ORDER DISMISSING PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 1) |

Petitioner proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges the conditions of confinement in the Fresno County Jail, particularly with regard to fire safety.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). In this case, dismissal is warranted.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

Fire prevention and other safety precautions may constitute violations of the Eighth Amendment to the Constitution. *Hoptowit v. Spellman*, 753 F.2d 779, 783-84 (9th Cir. 1985). "Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement." *Santana v. Collazo*, 714 F.2d 1172, 1183 (1st Cir. 1983) (citing *Youngblood v. Romeo*, 457 U.S. 307, 315 (1982)). "Prisoners have the right not to be subjected to the unreasonable threat of injury or death by fire and need not wait until actual casualties occur in order to obtain relief from such conditions." *Santana*, 714 F.2d at 1183 (citing *Leeds v. Watson*, 630 F.2d 674, 675-76 (9th Cir. 1980).

Because Petitioner's claims are not among those for which the Court may grant habeas relief, the Court must dismiss the habeas petition. Petitioner may seek relief, however, by filing her claims in a civil rights action pursuant to § 1983.

## CONCLUSION AND ORDER

The Court hereby DISMISSES Petitioner's petition for writ of habeas corpus. The Clerk of Court is directed to send Petitioner a civil rights complaint form.

IT IS SO ORDERED.

Dated: **August 6, 2015**            /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28